UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHIKO KATIKI, and others,<br><br>    Plaintiffs,<br><br>    v.<br><br>TASER INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 12-cv-05519 NC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 4 |

    This putative class action arises out of plaintiff Chiko Katiki's purchase of an electronic control device from defendant Taser International. Katiki alleges that Taser falsely advertised how its product could be used in California, which induced her to purchase Taser's C2 model. The issues are (1) whether Katiki has standing to bring her claims in federal court and (2) whether she has pleaded her claim with sufficient particularity to state a plausible claim for relief. The Court has determined that the issue is suitable for determination on the parties' briefs and VACATES the hearing scheduled for January 16, 2013. Because Katiki has not satisfied the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), nor shown a likelihood that she will suffer irreparable harm without an injunction, the Court GRANTS Taser's motion to dismiss without prejudice.

# I. BACKGROUND

**A.   Katiki's Complaint**

In July 2012, Katiki purchased a Taser C2 electronic control device ("ECD") from Taser's website for about $300.[1] (Dkt. No. 1 at 2, 8, 11). Katiki is a college student who often walks to and from campus in the dark, and after seeing a 60 Minutes show on Taser and visiting the company's website, she decided that the C2 ECD was appropriate for her. *Id.* at 8. Based on Taser's advertising, Katiki allegedly believed that she could carry the small C2 in her purse to and from school, work, or in public, fully loaded and ready to be used for self-defense. *Id.* at 9. After she purchased the C2 but before activating it, Katiki claims that she learned ECDs are considered firearms under California law, making her intended use of the C2—carrying it loaded and in her purse in public and to and from school—illegal without a permit to carry a concealed weapon. *Id.*

Katiki alleges that she is similarly situated to thousands of other California residents who have purchased products from Taser in the last four years under the false belief that the purchase, ownership, possession, and use of an ECD, without a permit, is legal under state law. *Id.* at 10. On August 20, 2012, Katiki, through counsel, sent Taser a letter demanding that the company stop selling ECDs in California without disclosing that California residents need a permit to carry a concealed weapon, and seeking remuneration for Katiki and all other California residents who relied on Taser's representations that no special license or permit was required. *Id.* at 10-11.

Katiki brings claims for (1) false advertising under California Business and Professions Code § 17500 and (2) unlawful business practices under California Business and Professions Code § 17200,[2] and she seeks damages and injunctive relief on behalf of herself and all others similarly situated. *Id.* at 12-14.

---

[1] Katiki's complaint refers to the model she purchased as "C2" and "T-2," however, the model number and price alleged by Katiki matches the C2, and her opposition refers to the product as the "C2." *Compare* Dkt. No. 1 at 8, ¶ 12 *with* Dkt. No. 1 at 5 *and* Dkt. No. 12 at 7-8.

[2] In her opposition to Taser's motion to dismiss, Katiki abandoned her claim of fraud and her claim seeking declaratory relief. *See* Dkt. No. 12 at 7 n.1.

Case No. 12-cv-05519 NC
ORDER GRANTING MOTION TO DISMISS
2

**B.     Taser's Motion to Dismiss**

Taser moves to dismiss Katiki's claims arguing (1) that Katiki lacks standing to bring her claim because she fails to plead an injury-in-fact; (2) that a claim of false advertising sounds in fraud and Katiki fails to plead that claim with the particularity required by Rule 9(b); and (3) that Katiki fails to state a claim for relief under Rule 12(b)(6) because an ECD is not a firearm under California law. Dkt. No. 4.

**C.     Jurisdiction**

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Taser filed a notice to remove Katiki's complaint from state to federal court. Dkt. No. 1. Taser alleges that it is incorporated under the laws of, and has its principal place of business in, Arizona. *Id.* at 2. Katiki resides in California. *Id.* Katiki alleges that the putative class has suffered damages in excess of $10 million based on an average price of $350 per ECD and a class of tens of thousands of individuals. *Id.* at 6-8. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 9, 11.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation and internal quotation marks omitted). In accordance with Rule 9(b), allegations of fraud "must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation and internal quotation marks omitted). After *Iqbal*, a pleading of fraud or mistake must also plead plausible

allegations. *Id.* A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

**A.    Katiki Alleges an Injury-in-Fact and Thus Has Standing to Sue for Damages.**

Taser challenges Katiki's standing to bring her claims under §§ 17500 and 17200 arguing that she did not suffer any harm as a result of purchasing or possessing the C2. Dkt. No. 4 at 13 ("[P]laintiff does not allege that she was arrested, charged, prosecuted or otherwise harmed" or "suffered any loss of property."). In order to have standing to sue in federal court, a plaintiff must plead an injury-in-fact, caused by the defendant's alleged conduct and redressable by the courts. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Injury-in-fact must be "concrete," "particularized," and "imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A harm that will allegedly happen "some day" without "any specification of when that some day will be" "do[es] not support a finding of the actual or imminent injury" required for standing. *Id.* at 564.

Katiki states that she was misled by Taser's false advertising and purchased her C2 based on the false belief that it was legal for her to carry and use it without a permit in California. Dkt. No. 1 at 12. In addition, Katiki states in her opposition that she "would not have purchased the C2 if she had known the true facts." Dkt. No. 12 at 24. For the purposes of establishing injury-in-fact at the pleading stage, Katiki's allegations of the loss of the value of the C2 are sufficient. *Lujan*, 504 U.S. at 561 ("[O]n a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotation marks omitted); *see also Wang v. OCZ Technology Group, Inc.*, 276 F.R.D. 618, 625 (finding plaintiff's allegations that he would not have bought defendant's product if it had been marketed truthfully sufficient to satisfy

Case No. 12-cv-05519 NC
ORDER GRANTING MOTION TO DISMISS
4

the injury-in-fact requirement of Article III standing on motion to dismiss). Accordingly, Katiki has standing to sue for damages, and the Court DENIES Taser's motion on this issue.

**B.     Katiki Fails to Show that She Will Likely Suffer an Irreparable Injury.**

Katiki also seeks to enjoin Taser from continuing to market and sell its products in California. An injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). As her complaint is pleaded, Katiki has only alleged a financial injury of the lost value of the C2 she purchased. She does not state any facts that indicate that she faces a future or continuing economic harm from this purchase.

Although Katiki claims that she faces criminal prosecution, she has not alleged "an actual and well-founded fear that the law will be enforced against" her. *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 393 (1988). Katiki states that she is in "grave danger of criminal prosecution" but does not state that she has used her C2 unlawfully or specify when or how she will be caught and prosecuted. In fact, her complaint indicates that she has not activated her C2. *See* Dkt. No. 1 at 9.

"[U]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999). In the absence of facts indicating a likelihood of immediate and irreparable injury, Katiki does not have standing to enjoin Taser's conduct either on her own behalf or that of the putative class. Therefore, the Court GRANTS Taser's motion to dismiss Katiki's claim for injunctive relief. If, however, Katiki can plead facts that show she will suffer a real and immediate threat that she will be wronged again, she has LEAVE TO AMEND.

**C.     Katiki Fails to Plead Her Claim of False Advertising with Particularity.**

Even where fraud is not a necessary element of a state law claim, where a plaintiff alleges a course of fraudulent conduct "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement

of Rule 9(b)." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009) (applying the Federal Rule of Civil Procedure 9(b) standard to a state law claim under California Business and Professions Code § 17200); *Wang*, 276 F.R.D. at 627 (applying Rule 9(b) pleading requirement to a state law claim under California Business and Professions Code § 17500). Here, Katiki's claims of false advertising sound in fraud. Yet, she does not specify which communications by Taser falsely advertised that the C2 is legal in California, when she viewed such advertisements, what exactly the advertisements said, and which communications she relied upon in making her decision to purchase her C2. In short, she has failed to articulate the who, what, when, where, and how of Taser's allegedly fraudulent conduct. Therefore, she fails to state a claim under Rule 12(b)(6).

Katiki filed her complaint in state court, without the federal pleading rules in mind, and may be able to include such details and plead a plausible claim for false. "[A] court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment." *Gompper*, 298 F.3d at 898. Accordingly, the Court GRANTS Taser's motion to dismiss but gives Katiki LEAVE TO AMEND her claim for false advertising.

**D. Because Katiki's Claim of Unfair Business Practices Under § 17200 Is a Derivative Claim, It Is Dismissed.**

Katiki's claim of unfair business practices under California Business and Professions Code § 17200 must be predicated on some other violation of law. "[S]ection 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539-40 (Cal. 1999) (internal citation omitted). Nearly "any state, federal or local law can serve as the predicate for an action" under § 17200. *Podolsky v. First Healthcare Corp.*, 58 Cal. Rptr. 2d 89, 98 (Cal. Ct. App. 1996). Because the Court dismisses Katiki's false advertising claims, it also GRANTS Taser's motion to dismiss her § 17200 claim. If Katiki amends her complaint to state a claim for false advertising, she is granted leave to restate her § 17200 claim as well.

Case No. 12-cv-05519 NC
ORDER GRANTING MOTION TO DISMISS
6

## IV. CONCLUSION

Because Katiki has alleged that she suffered the lost value of the C2 she purchased, she has standing to sue Taser for damages. Nevertheless, Katiki fails to plead her claim for false advertising with particularity. Accordingly, the Court GRANTS Taser's motion to dismiss Katiki's claim for false advertising, as well as her derivative claim for unfair business practices, under Rule 12(b)(6).

The Court gives Katiki LEAVE TO AMEND her complaint to satisfy the federal pleading standard. If Katiki amends her complaint, she may also amend to seek injunctive relief if she can plead facts that demonstrate that she faces a real and substantial threat of future harm. Any amended complaint must be filed by February 5, 2013.

IT IS SO ORDERED.

Date: January 15, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-05519 NC
ORDER GRANTING MOTION TO DISMISS

7